| Fill in this information to identify your case: | |
|---|---|

**Debtor 1**   **Mychal Jamal Butler Thomas**

First Name        Middle Name        Last Name

**Debtor 2**

(Spouse, if filing)   First Name        Middle Name        Last Name

United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA**

**Case number:**   **25-63845**

(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
2.1; 3.3; 4.4; 9.1.

## Chapter 13 Plan

**NOTE:** **The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.**

| Part 1: | Notices |
|---|---|

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| | | | |
|---|---|---|---|
| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☐ Included | ☑ Not Included |
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☑ Included | ☐ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | ☐ Included | ☑ Not Included |

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |
|---|---|

**§ 2.1** **Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Debtor   **Mychal Jamal Butler Thomas**                                   Case number   **25-63845**

*Check one:*   ☐ 36 months   ☑ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$2,800.00** per <u>month</u> for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

### § 2.2   Regular Payments; method of payment.

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☑ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment):

_____

### § 2.3   Income tax refunds.

*Check one.*

☑ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years _____, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

_____

### § 2.4   Additional Payments.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### § 2.5   [Intentionally omitted.]

### § 2.6   Disbursement of funds by trustee to holders of allowed claims.

**The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)**

| Part 3: | Treatment of Secured Claims |
|---|---|

### § 3.1   Maintenance of payments and cure of default, if any.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

U.S. Bankruptcy Court, N.D. Ga. Chapter 13 Plan Form (December 2020), Version 1.4                    Page 2 of 7

| Debtor | **Mychal Jamal Butler Thomas** | Case number | **25-63845** |

**§ 3.2**   **Request for valuation of security and modification of certain undersecured claims.**

☑   **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**§ 3.3**   **Secured claims to be paid in full.**

*Check one.*

☐   **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑   The claims listed below will be paid in full under the plan. Reasons for payment in full may include:

(1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(3) the value of the collateral exceeds the anticipated claim; or

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.
These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| **Bridgecrest Acceptance Corp** | **2022 BMW X3 72000 miles** | **Opened 05/24 Last Active 6/13/25** | $**31,226.00** | **9.25**% | **$650.00** | **$650.00 stepping to $1,690.00 starting July 2026** |

**§ 3.4**   **Lien avoidance**.

*Check one.*

☐   **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked**.

☑   The judicial liens and/or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless the Bankruptcy Court orders otherwise, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the claim secured by the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the claim secured by the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan to the extent allowed. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien*.

| Debtor | **Mychal Jamal Butler Thomas** | Case number | **25-63845** |

| Name of creditor<br>**Cavalry SPV I, LLC** | Description of judicial lien or security interest<br>**Judgment Lien** | Description of property subject to judicial lien or security interest<br>**All Real & Personal Property** | Amount of lien or security interest<br>**2,038.00** |
|---|---|---|---|
| Amount avoided and treated as unsecured claim<br>**2,038.00** | Amount of remaining secured claim, if any<br>**0.00** | Interest rate, if applicable<br>**0.00**% | Monthly payment on secured claim, if applicable<br>**0.00** |

**§ 3.5   Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ The debtor(s) elect(s) to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request(s) that, upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Confirmation of the plan results in termination of such stays. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. No payments as to the collateral will be made, and all secured claims based on the collateral will not otherwise be treated by the plan.

| Name of Creditor | Collateral |
|---|---|
| **Flagship Credit Acceptance** | **2022 Kia Stinger 98000 miles** |

**§ 3.6   Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of **3.25** %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

**§ 4.1   General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2   Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3   Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are **$5,475.00**. The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

| Debtor | **Mychal Jamal Butler Thomas** | | Case number | **25-63845** |

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a)

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $___**800.00**___ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $**2,475.00**, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $**2,475.00**, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4     Priority claims other than attorney's fees.**

☐     **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐     The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all post-petition domestic support obligations directly to the holder of the claim.

| Name and address of creditor | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|
| **-NONE-** | | | |
| | | $ | $ |

☑ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| **Georgia Department of Revenue** | $**0.00** |
| **Internal Revenue Service** | $**10,011.49** |

---

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |

**§ 5.1     Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

Debtor        **Mychal Jamal Butler Thomas**                                    Case number        **25-63845**

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2     Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑        **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3     Other separately classified nonpriority unsecured claims.**

*Check one.*

☑        **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

**§ 6.1     The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☐        **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
☑        **Assumed items.** Current installment payments will be disbursed directly by the debtor(s). Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor: | Description of leased property or executory contract | Estimated amount of arrearage | Monthly postconfirmation payment to cure arrearage |
|---|---|---|---|
| **Progress Residential** | **Residential Lease** | $**0.00** | $**0.00** |

| Part 7: | Vesting of Property of the Estate |
|---|---|

**§ 7.1     Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

| Part 8: | Nonstandard Plan Provisions |
|---|---|

**§ 8.1     Check "None" or List Nonstandard Plan Provisions.**

☐        **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Student loans will be paid directly outside the plan as they come due.

| Part 9: | Signatures: |
|---|---|

**§ 9.1     Signatures of Debtor(s) and Attorney for Debtor(s).**

The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.

X _____          X _____
    **Mychal Jamal Butler Thomas**                               Signature of debtor 2 executed on _____
    Signature of debtor 1 executed on _____

| Debtor | **Mychal Jamal Butler Thomas** | | Case number | **25-63845** |

**7382 Walton Hill**
**Fairburn, GA 30213**

| Address | City, State, ZIP code | | Address | City, State, ZIP code |

X   **/s/ Kevin Grindlay**                                      Date:   **May 6, 2026**
   **Kevin Grindlay 350009**
Signature of attorney for debtor(s)

**Burrow & Associates, LLC**                          **2280 Satellite Blvd.**
**Bldg. A, Suite 100**
**Duluth, GA 30097**

| Firm | | | Address | City, State, ZIP code |

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| MYCHAL JAMAL BUTLER THOMAS, | ) | |
| | ) | CASE NO. 25-63845-PMB |
| Debtor. | ) | |

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served the within and foregoing Chapter 13 Pre-confirmation Plan Modification by depositing same in the United States mail, properly addressed as follows:

Melissa J. Davey
Standing Chp 13 Trustee, NDGA
Suite 2250
233 Peachtree St, N.E.
Atlanta, GA 30303

Mychal Jamal Butler Thomas
7382 Walton Hill
Fairburn, GA  30213

All parties on attached mailing matrix

This  6th  day of  May , 2026.

Respectfully Submitted by,
BURROW & ASSOCIATES, LLC

_____/s/_____
Kevin Grindlay
Attorney for the Debtor
Georgia Bar No. 350009
2280 Satellite Blvd.
Bldg. A, Suite 100
Duluth, Georgia 30097
(678) 942-8640
bankruptcy@legalatlanta.com

Label Matrix for local noticing
113E-1
Case 25-63845-pmb
Northern District of Georgia
Atlanta
Wed May  6 15:16:51 EDT 2026

Affirm, Inc
Attn: Bankruptcy
650 California St, Fl 12
San Francisco, CA 94108-2716

Affirm, Inc.
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Aspire Credit Card
Attn: Bankruptcy
Po Box 105555
Atlanta, GA 30348-5555

(p)ATLAS ACQUISITIONS LCC
492C CEDAR LANE SUITE 442
TEANECK NJ 07666-1713

(p)AUSTIN CAPITAL BANK
ATTN DENAE REEVES
8100 SHOAL CREEK BLVD
SUITE 100
AUSTIN TX 78757-8041

Avant/WebBank
222 North Lasalle Street
Suite 1600
Chicago, IL 60601-1112

Sean Bailey
Burrow & Associates
2280 Satellite Blvd
Bldg A, Suite 100
Atlanta, GA 30097-5000

Bridgecrest Acceptance Corp
Po Box 53087
Suite 100
Phoenix, AZ 85072-3087

Bridgecrest Credit Company, LLC
c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Michael F. Burrow
Burrow & Associates, LLC
Building A, Suite 100
2280 Satellite Blvd.
Duluth, GA 30097-5000

Capital One
Attn: Bankruptcy
P.O. Box 30285
Salt Lake City, UT 84130-0285

Carvana, LLC / Bridgecrest c/o AIS Portfolio
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Cavalry SPV I, LLC
500 Summit Lake Dr.
Suite 400
Valhalla, NY 10595-2321

Cavalry SPV I, LLC
PO Box 4252
Greenwich, CT 06831-0405

Credit One Bank
Attn: Bankruptcy Department
6801 Cimarron Rd
Las Vegas, NV 89113-2273

Melissa J. Davey
Standing Chapter 13 Trustee
Suite 2250
233 Peachtree Street NE
Atlanta, GA 30303-1509

Discover Financial
Attn: Bankruptcy
Po Box 3025
New Albany, OH 43054-3025

Edfinancial Services L
120 N Seven Oaks Drive
Knoxville, TN 37922-2359

Esusu
Attn: Bankruptcy Department
Po Box 965060
Orlando, FL 32896-5060

Fingerhut Fetti/Webbank
Attn: Bankruptcy
6250 Ridgewood Road
Saint Cloud, MN 56303-0820

First Premier Bank
3820 N Louise Ave
Sioux Falls, SD 57107-0145

Flagship Credit Acceptance
Attn: Bankruptcy
Po Box 3807
Coppell, TX 75019-5877

Genesis FS Card Services
Attn: Bankruptcy
Po Box 4477
Beaverton, OR 97076-4401

(p)GEORGIA DEPARTMENT OF REVENUE
BANKRUPTCY
2595 CENTURY PKWY NE SUITE 339
ATLANTA GA 30345-3173

Gm Financial
801 Cherry Street, Ste. 3600
Fort Worth, TX 76102-6855

Kevin Grindlay
Burrow & Associates, LLC
Bldg. A Suite 100
2280 Satellite Blvd
Duluth, GA 30097-5000

Intercoastal Financial Llc
7954 Transit Rd #136X
Williamsville, NY 14221-4117

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Jefferson Capital Systems, Llc
Attn: Bankruptcy
200 14th Ave E
Sartekk, MN 56377-4500

Kikoff
Attn: Bankruptcy
75 Broadway
San Francisco, CA 94111-1423

Koalafi
4951 Lake Brook Dr
Glen Allen, VA 23060-9279

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

MERRICK BANK
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

(p)MERCHANTS CREDIT SOLUTIONS
ATTN BRUCE JACKMAN
PO BOX 3664
TUSTIN CA 92781-3664

Richard B Maner
Richard B. Maner, P.C.
Suite 200
180 Interstate N Parkway
Atlanta, GA 30339-2106

Merrick Bank Corp
Po Box 9201
Old Bethpage, NY 11804-9001

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

Monterey Financial Service
Attn: Bankruptcy
4095 Avenida De La Plata
Oceanside, CA 92056-5802

NPRTO Georgia, LLC
256 West Data Drive
Draper, UT 84020-2315

OneMain Financial Group, LLC
PO Box 981037
Boston, MA 02298-1037

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Perpayinc
2400 Market St
Philadelphia, PA 19103-3041

Premier Bankcard, LLC
Jefferson Capital Systems LLC Assignee
PO Box 7999
St. Cloud, MN 56302-7999

Progress Residential
2658 Holcomb Bridge Rd
Suite 118
Alpharetta, GA 30022-6822

Progress Residential
7500 N. Dobson Road
Suite 300
Scottsdale, AZ 85256-2727

Progress Residential Borrower 16, LLC
The Totten Firm
5579 Chamblee-Dunwoody Rd
Ste B-136
Atlanta, GA 30350 United States 30338-4154

Quantum3 Group LLC as agent for
Concora Credit Inc.
PO Box 788
Kirkland, WA  98083-0788

Quantum3 Group LLC as agent for
Sadino Funding LLC
PO Box 788
Kirkland, WA  98083-0788

Radius Global Solution
7831 Glenroy Road
Edina, MN 55439-3117

Scolopax, LLC
C/O Weinstein & Riley, P.S.
749 GATEWAY, SUITE G-601
ABILENE, TX 79602-1196

(p)SELF INC
PO BOX 11
SOUTHLAKE TX 76092-0011

(p)SUNBIT INC
ATTN LEGAL AND COMPLIANCE
PO BOX 24010
LOS ANGELES CA 90024-0010

Tbom Cci Mc
14600 Northwest
Beaverton, OR 97006

Mychal Jamal Butler Thomas
7382 Walton Hill
Fairburn, GA 30213-7114

Matthew Franklin Totten
The Totten Firm, LLC
5579 Chamblee Dunwoody Rd
Ste B-136
Atlanta, GA 30338-4154

US Department of Education
120 N Seven Oaks Drive
Knoxville, TN 37922-2359

United States Attorney
Northern District of Georgia
75 Ted Turner Drive SW, Suite 600
Atlanta GA 30303-3309

WebBank/OneMain
Attn: Bankruptcy
215 South State Street, Suite 1000
Salt Lake City, UT 84111-2336

Westlake Portfolio Management
Attn: Bankruptcy
Po Box 76809
Los Angeles, CA 90076-0809

World Finance Company of Georgia, LLC
c/o World Acceptance Corp.
Attn: Bankruptcy Processing Center
PO Box 6429
Greenville, SC 29606-6429

World Finance Corp
Attn: Bankruptcy Department
P.O.Box 6429
Greenville, SC 29606-6429

Zions Debt Holdings, Llc
Attn: Bankruptcy
Po Box 878
Spanish Fork, UT 84660-0878

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Atlas Acquisitions LLC
Attn: Avi Schild
492C Cedar Lane, Ste 442
Teaneck, NJ 07666

(d)Atlas Acquisitions LLC
on behalf of UHG I LLC
492C Cedar Lane, Ste 442
Teaneck, NJ 07666

Austin Capital Bank
Attn: Bankruptcy Dept
8100 Shoal Creek Blvd, Ste 100
Austin, TX 78757

Georgia Department of Revenue
Bankruptcy
2595 Century Parkway NE, Suite 339
Atlanta, GA 30345

Jefferson Capital Systems, LLC
PO BOX 7999
SAINT CLOUD, MN 56302-9617

MONTEREY FINANCIAL SERVICES LLC
C/O MERCHANTS CREDIT SOLUTIONS
PO BOX 3664
TUSTIN, CA 92781-3664

PORTFOLIO RECOVERY ASSOCIATES, LLC
POB 41067
Norfolk, VA 23541

Self Financial/lead Ba
901 E. 6th Street
Austin, TX 78702

(d)Selfrent
901 E 6th Street
Austin, TX 78702

Sunbit Financial
Attn: Bankruptcy
10880 Wilshire Blv Suite 870
Los Angeles, CA 90024

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Bridgecrest Credit Company LLC as Servicer

(d)Premier Bankcard, LLC
Jefferson Capital Systems LLC Assignee
Po Box 7999
St. Cloud, MN 56302-7999

(d)Westlake Portfolio Management, LLC
Attn: Bankruptcy
Po Box 76809
Los Angeles, CA 90076-0809

End of Label Matrix
Mailable recipients    63
Bypassed recipients     3
Total                  66